**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CENTEX HOMES, | |
| Plaintiff, | |
| vs. | 2:19-cv-01284-JCM-VCF |
| | **ORDER** |
| FINANCIAL PACIFIC INSURANCE COMPANY, *et al.*, | MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT [ECF No. 84] |
| Defendants. | |

Before the Court is defendant St. Paul Fire and Marine Ins. Co.'s ("St. Paul") motion for leave to file a third-party complaint pursuant to FRCP 14. (ECF No. 84). St. Paul attached a proposed third-party complaint to its motion. (ECF No. 84-1). The motion is fully briefed, but defendant St. Paul argued in its reply brief for the first time that it should have sought to file a crossclaim rather than file a third-party complaint: it argues it is entitled to relief pursuant to FRCP 13 and 15, and not FRCP 14, since St. Paul seeks to assert affirmative claims against existing parties to this case without the addition of new parties. (ECF No. 93 at 1). St. Paul attached a proposed redlined amended answer that adds the allegations of the proposed third-party complaint to its reply. (ECF No. 93-1). None of the other parties have sought leave to file a sur-reply, but the Court sua sponte orders that the other parties may file an optional sur-reply within 14 days to address the new arguments St. Paul makes in its reply.

It is improper for a party to raise a new argument in a reply brief because the opposing party is not afforded an opportunity to respond. See *Salem Vegas, L.P. v. Guanci*, No. 2:12-CV-01892-GMN, 2013 U.S. Dist. LEXIS 141619, 2013 WL 5493126, at 3 (D. Nev. Sept. 30, 2013); see also *Castarphen v. Milsner*, 594 F. Supp. 2d 1201, 1204 n.1 (D. Nev. 2009). Where the moving party presents new arguments for the first time in a reply brief, the Court may either refuse to consider the new matters or allow the opposing party an opportunity to respond. See *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir.

2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) ("[t]he district court need not consider arguments raised for the first time in a reply brief"). When permitted, a sur-reply may "only [] address new matters raised in a reply to which a party would otherwise be unable to respond." *Kanvick v. City of Reno*, No. 3:06—CV—00058, 2008 U.S. Dist. LEXIS 24719, 2008 WL 873085, at 1 n.1 (D. Nev. March 27, 2008) (emphasis in original omitted).

The Court finds that it was improper for St. Paul, as the moving party, to introduce new legal arguments and seek a new form of relief in its reply brief. For judicial efficiency and to save the parties from engaging in a new round of briefing, the Court will, however, consider St. Paul's new request. To ensure that the other parties have a full and fair opportunity to respond to St. Paul's new arguments regarding filing an amended answer, the Court sua sponte orders that the other parties have 14 days to file an optional sur-reply of no more than 5 pages each addressing only those matters raised for the first time in St. Paul's reply.

Accordingly,

IT IS ORDERED sua sponte that the plaintiff and St. Paul's co-defendants have until Wednesday, July 29, 2020 to file an optional sur-reply to St. Paul's reply.

DATED this 15th day of July 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE