**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

CENTEX HOMES,

        Plaintiff,

vs.

FINANCIAL PACIFIC INSURANCE COMPANY, *et al.*,

        Defendants.

2:19-cv-01284-JCM-VCF

**ORDER**

MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT [ECF No. 84]

Before the Court is defendant St. Paul Fire and Marine Ins. Co.'s ("St. Paul") motion for leave to file a third-party complaint pursuant to FRCP 14. (ECF No. 84). The motion is granted in part.

**I.   Background**

On July 25, 2019, plaintiff filed a complaint against multiple defendant insurers for breach of contract, breach of the implied covenant of good faith and fair dealing, violations of Nevada's Unfair Claims Settlement Practices Act, Nev. Rev. Stat. Ann. § 686A.310, and declaratory relief regarding reimbursement of defense expenses in connection with an underlying construction matter.  (ECF No. 1). Defendant St. Paul argues in its motion that it seeks to assert a claim for contribution against all co-insurer defendants if St. Paul pays more than its equitable share. (ECF No. 84 at 2). St. Paul attached a proposed third-party complaint to its motion. (ECF No. 84-1).  The defendants bring various arguments in response:

    1)   Defendant Arch argues that St. Paul is trying to hold it hostage by asserting new claims because it recently settled with the plaintiff in meditation. (ECF No. 86 at 3)

    2)   Defendant First Specialty argues that St. Paul's claims are procedurally and substantively improper. First Specialty argues that Rule 14 does not allow St. Paul to bring a third-party complaint

against co-defendants. First Specialty also argues that the claims are premature because it can seek claims for reimbursement later. (ECF No. 87)

   3) Plaintiff Centex joined ECF Nos. 86 and 87

   4) Defendants First Mercury Insurance Company and Axis Surplus Insurance Company joined ECF No. 87 only (See ECF Nos. 91 and 92)

   5) Co-defendants Lexington Insurance, Interstate Fire & Casualty Company, Everest National Insurance Company, Financial Pacific Insurance Company, and Navigators Specialty Insurance Company did not file a response.

  The motion is fully briefed, but defendant St. Paul argued in its reply brief for the first time that it should have sought to file a crossclaim rather than file a third-party complaint: it argues it is entitled to relief pursuant to FRCP 13 and 15, and not FRCP 14, since St. Paul seeks to assert affirmative claims against existing parties to this case without the addition of new parties. (ECF No. 93 at 1). St. Paul attached a proposed redlined amended answer that adds cross-claims to its reply. (ECF No. 93-1). None of the parties sought leave to file a sur-reply, but the Court sua sponte found that it was improper for St. Paul to seek a new form of relief in its reply and ordered that the other parties may file an optional sur-reply within 14 days to address St. Paul's new arguments.  (ECF No. 94).

  First Specialty argues in its sur-reply that St. Paul's new request to amend its answer should be denied because it is procedurally improper to raise a new request in a reply. (ECF No. 97). First Specialty also argues it would be prejudiced by the amendment because St. Paul waited 8 months to seek this relief, that any cross-claims would have been known to St. Paul at the time it answered, that its proposed cross-claims are boilerplate, that adding cross-claims will add delay and cost to the litigation, and that any of St. Paul's claims would be more effectively addressed after Centex's claims are resolved. (ECF No. 97 at 2).

 None of the other parties filed sur-replies or joinders to St. Paul's sur-reply.

## II.     Discussion

"A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim[.]…The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant." FRCP 13(g). "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Ninth Circuit has found that a court may deny as untimely a motion to amend filed after the scheduling order cut-off date where no request to modify the order has been made. *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff,* 768 F.2d 1099, 1104 (9th Cir. 1985). The standard for good cause under Rule 16(b) requires the court to evaluate the movant's diligence in attempting to meet the order's requirement and seeking to amend. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. 1992).

St. Paul has not previously sought to amend its answer. The parties stipulated to the scheduling order in this case, which states that, "[t]he parties shall have until **September 16, 2020**, to amend pleadings or add parties." (ECF No. 57 at 3, emphasis in original). Discovery closes in this case on December 15, 2020. (*Id*.) Defendant St. Paul, although it did not move to file an amended complaint pursuant to FRCP 13 and 15 in its original motion, has been diligent in seeking to amend given that it filed before September 16, 2020. Defendant Arch will not be prejudiced, even though it settled with Centex, because St. Paul could have brought its claims against Arch in its original answer and St. Paul showed good cause to amend the answer now; it serves judicial efficiency to take care of the parties' potential cross claims in one action.

First Specialty is correct that it was procedurally improper for St. Paul to seek a new form of relief in its reply, the Court made that finding in its previous order, but it serves judicial efficiency to

allow St. Paul to proceed and file its amended answer rather than invite a new round of briefing. The other parties had an opportunity to convince the Court not to allow St. Paul to amend their answer: only First Specialty addressed St. Paul's new arguments in its sur-reply. Defendant First Specialty and the rest of the defendants will not be prejudiced because the parties still have months before discovery closes. The defendants also still have time to seek leave to amend their answers if they wish. Defendant St. Paul has 7 days to file its amended complaint.

Accordingly,

IT IS ORDERED that defendant St. Paul's motion for leave to file a third-party complaint is granted in part: St. Paul has until Friday, August 7, 2020 to file its amended complaint.

DATED this 31st day of July 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE