UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CENTEX HOMES, | Case No. 2:19-CV-1284 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| FINANCIAL PACIFIC INSURANCE COMPANY, et al. | |
| Defendant(s). | |

Presently before the court is defendant Arch Specialty Insurance Company's ("Arch") motion for determination of good faith settlement. (ECF No. 96). Defendant St. Paul Fire and Marine Insurance Company ("Travelers") responded in opposition. (ECF No. 105). Arch replied. (ECF No. 114).

Under Nevada law, the determination of whether a settlement is entered in "good faith" under NRS § 17.245 is "left to the discretion of the trial court based upon all relevant facts available." *Velsicol Chemical Corp. v. Davidson*, 107 Nev. 356, 811 P.2d 561, 563 (Nev. 1991). The factors discussed in *In re MGM Grand Hotel Fire Litigation*, 570 F. Supp. 913, 927 (D. Nev. 1983), are among the relevant facts a court may choose to consider in the exercise of its "considerable discretion." *The Doctors Co. v. Vincent*, 120 Nev. 644, 98 P.3d 681, 686-87 (Nev. 2004).

Such factors include "the amount paid in settlement, the allocation of the settlement proceeds among plaintiffs, the insurance policy limits of settling defendants, the financial condition of settling defendants, and the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *In re MGM*, 570 F. Supp. at 927 (citing

**James C. Mahan**
**U.S. District Judge**

1  *Commercial Union Ins. Co. v. Ford Motor Co.*, 640 F.2d 210 (9th Cir. 1981)).  However, Nevada law includes no requirement that a court consider or limit its analysis to the *MGM* factors or hold a hearing before making a determination of good faith.  *Velsicol*, 811 P.2d at 563.

Travelers opposes Arch's motion for determination of good faith settlement because, "[a]s a good faith determination is only available between tortfeasors, any attempt by Arch to terminate Travelers' claims for equitable contribution through assertion of NRS 17.245 necessarily fail. (ECF No. 105).  This court is unpersuaded.  This action sounds in tort; under Nevada law, courts look to the "gravamen of the complaint" in determining the applicable law.  *State Farm Mut. Auto. Ins. Co. v. Wharton*, 495 P.2d 359, 361 (Nev. 1972) ("If the complaint states a cause of action in tort, and it appears that this is the gravamen of the complaint, the nature of the action is not changed by allegations in regard to the existence of or breach of a contract. In other words, it is the object of the action, rather than the theory upon which recovery is sought, that is controlling.").  Furthermore, "once a trial court determines that a defendant has settled in good faith, NRS 17.245(1)(b) bars all claims against the settling defendant that in effect seek contribution and equitable indemnity, regardless of the claim's title."  *Otak Nev., LLC v. Eighth Judicial Dist. Court of Nev.*, 129 Nev. 799, 809 (Nev. 2013).

Having addressed Travelers' objection, this court examines whether the settlement in question satisfies the applicable *MGM* factors.  570 F. Supp. at 927.  Arch's motion sufficiently addresses each of these factors.  (ECF No. 96).  Arch submits that it has reached an agreement with plaintiff Centex Homes ("Centex") to settle for $45,000.  (*Id.*).  In exchange, Centex will dismiss all its claims against Arch.

Arch asserts that the parties arrived at this amount as the result of an arms-length negotiation.  (*Id.*).  Given the settlement amount, Arch contends that insurance policy limits and the financial condition of the settling parties are not relevant factors here.  (*Id.*).  Indeed, Travelers makes no objection to Arch's representation.  Finally, Arch asserts that the parties' settlement was free from collusion, fraud, or tortious conduct.  (*Id.*).

In light of the foregoing and upon review of the record, the court finds that the settlement between Arch and Centex was made in good faith.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Arch's motion for determination of good faith settlement (ECF No. 96) be, and the same hereby is, GRANTED.

DATED January 22, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**