UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CENTEX HOMES, a Nevada general partnership,<br><br>Plaintiff,<br><br>v.<br><br>FINANCIAL PACIFIC INSURANCE COMPANY, et al.<br><br>Defendants. | Case No. 2:19-CV-01284-JCM-VCF<br><br>**ORDER** |

Plaintiff Centex Homes ("Centex") and defendant AXIS Surplus Lines Insurance Company ("AXIS") have agreed to settle Centex' claims against AXIS. The terms of Centex' and AXIS' settlement agreement provide that AXIS will pay Centex $75,000 and that the settlement is contingent upon a judicial determination that the settlement was made in good faith. AXIS' motion for a good faith settlement determination is before the Court.

Under Nevada law, the determination of whether a settlement is in "good faith" under NRS section 17.245 is "left to the discretion of the trial court based upon all relevant facts available." *Velsicol Chemical Corp. v. Davidson*, 107 Nev. 356, 81 P.2d 561, 563 (Nev. 1991). The factors discussed in *In re MGM Grand Hotel Fire Litigation*, 570 F.Supp. 913, 927 (D. Nev. 1983), are among those the Court may consider in the exercise of its "considerable discretion." *The Doctors Co. v. Vincent*, 120 Nev. 644, 98 P.3d 681,686-87 (Nev. 2004). Such factors include "the amount

paid in settlement, the allocation of the settlement proceeds among plaintiffs, the insurance policy limits of settling defendants, the financial condition of settling defendants, and the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *In re MGM*, 570 F. Supp. at 927 (citing *Commercial Union Ins. Co. v. Ford Motor Co.*, 640 F.2d 210 (9th Cir. 1981)). However, Nevada law includes no requirement that a court consider or limit its analysis to the *In re MGM* factors or hold a hearing before making a determination of good faith. *Velsicol*, 811 P.2d at 563.

Generally, the amount paid in settlement is the primary factor in determination good faith. *In re MGM*, 570 F.Supp. at 928. Centex brought this lawsuit to recover approximately $690,000 in defense fees and costs it incurred in the Underlying Action. Centex sued 11 insurers. A 1/11 share of the amount Centex sought is about $63,000, less than the $75,000 settlement agreed upon by Centex and AXIS. In addition, AXIS contends that Centex had the burden to show that it qualified as an additional insured under the AXIS Policy (*Nat'l Auto. & Cas. Ins. Co. v. Havas*, 75 Nev. 301, 303 (1959)), but did not meet that burden until *after* it incurred all its fees and costs in the Underlying Action. AXIS therefore has an argument that Centex should take nothing from AXIS in this action.

Moreover, the additional insured endorsement in the AXIS Policy limits coverage to the additional insured's liability for "property damage" caused in whole or in part by Sunworld's work. Sunworld was a defendant in the Underlying Action. AXIS paid $10,000 to settle the claims against Sunworld. That amount was a small fraction of the monies paid to settle the Underlying Action. A Court, sitting in equity, has wide discretion to allocate defense fees and costs among insurers. AXIS has an argument that Centex faced little, if any, liability due to Sunworld's work and that AXIS share of Centex's defense, if any, should be similarly limited. *See Insurance Co. of West v. Great American Ins. Co.*, 2010 WL 3896152, at *1 (D. Nev., Sept. 29, 2010, No. 2:09-CV-02150-KJD), citing *St. Paul Fire & Marine Ins. Co. v. Valley Forge Ins. Co.*, 2009 WL 789612 (N.D.Ga.2009). Further, if Centex and AXIS did not reach this settlement, they would have had to incur further fees and costs in this litigation.

In light of the foregoing and upon review of the record, the Court finds that the settlement between Centex and AXIS was made in good faith" under NRS section 17.245.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that AXIS' motion for determination of good faith settlement is GRANTED.

DATED: April 14, 2021.

                                            *James C. Mahan*
                                            UNITED STATES DISTRICT JUDGE